August 30, 1991

IN THE SUPREME COURT OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

IN RE THE ESTATE OF:     )
    )
  ISABEL SONGAO AYUYU,    )
    )
    Deceased.     )
_____)

APPEAL NO. 90-061
CIVIL ACTION NO. 89-863

OPINION

Argued and submitted June 27, 1991

Counsel for Appellant:       Reynaldo O. Yana
                      P.O. Box 52
                      Saipan, MP 96950

Counsel for Appellee:       Miguel S. Demapan
                      P.O. Box 1638
                      Saipan, MP 96950

BEFORE:   DELA CRUZ, Chief Justice, VILLAGOMEZ and BORJA, Associate Justices.

VILLAGOMEZ, Justice:

Corbiniano Songao Ayuyu ("Corbiniano") petitioned the trial court on November 9, 1989, for letters of administration and was appointed administrator of the estate of his mother, Isabel Songao Ayuyu, who died in 1962 on Rota. The estate consists of one parcel of land identified as T.D. No. 325. The appellee, Maria Arriola Aguon ("Maria"), filed a claim alleging that she is entitled to the entire estate because the decedent adopted her under Chamorro custom and the decedent had told her that the land would be hers.

244

As administrator, Corbiniano denied the claim, declaring that his mother and father gave to each of his six natural siblings (except him) a parcel of land and designated the land in question for him.

The trial court found the allegation of both parties to be factually correct and gave both of them a share of the land: two-thirds (2/3) to Corbiniano and one-third (1/3) to Maria. Corbiniano timely appealed.

## ISSUES

The issues raised by Corbiniano are:

1. Whether the trial court erred in concluding that Maria is entitled to share in the land after finding that it had been distributed to Corbiniano by partida.

2. Whether the trial court erred by giving Maria one-third (1/3) of the land when there are eight children to share in the estate.

## DISCUSSION

Corbiniano contends that there is no dispute as to the facts of the case and reiterates the facts as set forth in the decision of the trial court. He contends that the trial court found there was a partida.[1] The appellee, to the contrary, contends that the trial court found no partida.

---

[1] He argues that when his parents performed the partida, the land at issue vested in him and could not subsequently be given to Maria.

We attempted to review the transcript to determine if there is any evidence in support of or against the contention that there was a partida. The transcript was waived and we have no record to make such determination.

Although the trial court made findings that appear to support a partida, it did not expressly find that Corbiniano's parents performed a partida. The trial court found that "[t]he decedent and her husband gave parcels of land to their natural children but did not give Corbiniano S. Ayuyu any parcel because the land in question was for him." In re the estate of Ayuyu, Civ. Action 89-863, Decision and Order (N.M.I. Super. Ct. November 8, 1990). It is not clear whether this finding constitutes a partida. It further found that "Corbiniano S. Ayuyu took care of the land and protected the same up to the present time." It is not clear for whom Corbiniano has been protecting and taking care of the land. Based on the record available to us, we are unable to determine whether the parents performed a partida.

Whether Corbiniano's parents performed a partida and designated the land at issue for him under that partida is a crucial issue. If the property is intended to go to Corbiniano by partida, then another issue must be addressed. Whether the mother could subsequently designate the same land to go to Maria. If the land at issue was never distributed by partida, then do all seven natural children and Maria have an equal undivided interest in the property? Such issues should be addressed at the trial level initially. The record on appeal is inadequate for us to do so.

246

In the absence of an adequate record bearing on these issues, it is necessary to remand this matter for further fact-finding.

This case is hereby **REMANDED** to the Superior Court to address the following issues and any other relevant issue.

1. Whether Corbiniano's parents performed a partida. If so, whether the land at issue was made a part of the partida.

2. Whether there is a reason that Corbiniano did not receive land at the time that his six siblings did and what that reason is.

3. Whether, after a partida is made and possession of the land is retained in the parents, the parents could give that land or part thereof, to a child subsequently adopted by them. If so, then how does that affect the partida.

4. Whether the lands received by the six siblings were unconditional gifts, inter vivos, or were they advancements.

5. Whether the six siblings who received land previously are barred from receiving any share of the decedent's estate.

Once the above issues are determined, the Superior Court shall certify its findings to this Court.

Entered this _29th_ day of _August_, 1991.

JOSE S. DELA CRUZ, Chief Justice

RAMON G. VILLAGOMEZ, Associate Justice

JESUS C. BORJA, Associate Justice